IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM DICKENS and
KARLA DICKENS                                                                            PLAINTIFFS

v.                                                              CAUSE NO. 1:18CV162-LG-RHW

A-1 AUTO PARTS & REPAIR, INC., ET AL.                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION TO DISMISS OF DEFENDANT FORD MOTOR COMPANY

BEFORE THE COURT is the [89] Motion to Dismiss Certain Causes of Action in Plaintiffs' Complaint filed by the defendant Ford Motor Company pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiffs have not filed a response. After due consideration of the Motion and the relevant law, it is the Court's opinion that the Motion should be granted. Accordingly, Ford's Motion to Dismiss will be granted.

DISCUSSION

In this products liability case, the plaintiffs allege that William Dickens developed mesothelioma as a result of his exposure to asbestos from use of certain products in his work as a mechanic and his use of talcum powder products. Ford Motor Company is included among the defendants because it "designed its braking systems for asbestos-containing brake linings such that no other material could be utilized as brake linings in those systems." (Compl. 13 (¶20), ECF No. 1-2.) Ford requests dismissal of certain claims alleged in the Complaint.

1. **The Legal Standard**

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead

'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [his or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

**2. Alternative Methods of Showing Causation**

Ford's motion seeks dismissal of the causes of action set out in the following paragraph:

> In the event that Plaintiffs are unable to identify each injurious exposure to Defendants' Products, Plaintiffs would show the Court that the Defendants named herein represent or represented a substantial share of the relevant market of Defendants' Products at all times material to this cause of action. Consequently, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

(Compl. 18 (¶29), ECF No. 1-2.)

Ford argues that the four theories of recovery set out in this paragraph, although adopted by a few jurisdiction in limited circumstances, have never been recognized in Mississippi. The doctrines of enterprise liability, market-share liability, concert of action liability, and alternative liability "relieve a plaintiff of his burden to prove product identification and proximate cause." (Def. Mem. 4, ECF No. 91) (citing *Collins v. Eli Lilly Co.*, 342 N.W.2d 37, 45-47 (Wis. 1984) (alternative liability, concert of action liability, and enterprise liability); *Sindell v. Abbott Labs.*, 607 P.2d 924, 930-32 (Cal. 1980) (market share liability, concert of action liability)). But in any Mississippi products liability action, "'it is incumbent upon the plaintiff . . . to show that the defendant's product was the cause of the plaintiff's injuries.'" *Gardley-Starks v. Pfizer, Inc.*, 917 F. Supp. 2d 597, 602 (N.D. Miss. 2013) (quoting *Moore ex rel. Moore v. Miss. Valley Gas Co.*, 863 So. 2d 43, 46 (Miss. 2003)). Without evidence of exposure to a specific defendant's product, the plaintiffs cannot carry their burden of proof against that defendant. Explaining the proper standard, the Mississippi Supreme Court stated:

> [I]n asbestos litigation cases, the frequency, regularity, and proximity test is the proper standard in determining exposure and proximate cause. So that there can be no question, we today add product identification to that standard as well. Because the plaintiffs have failed to prove product identification, exposure, and proximate cause of Monsanto's products with any regularity, frequency, or proximity to the plaintiffs, consistent with our holding in *Gorman-Rupp*, the plaintiffs' case fails.

*Monsanto Co. v. Hall*, 912 So. 2d 134, 137 (Miss. 2005).

Because the plaintiffs attempt to bring their product liability claims under theories that are not recognized in Mississippi law, the claims based on alternative methods of showing causation set out in paragraph twenty-nine of the Complaint will be dismissed with prejudice.

### 3. Fraud and Civil Conspiracy Claims

The plaintiffs include Ford in claims alleging concealment, conspiracy, and fraud. Ford argues that the plaintiffs have not pled these fraud-based claims with the particularity required by both the Federal and Mississippi Rules of Civil Procedure. Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud . . . . a party must state with particularity the circumstances constituting fraud." Mississippi's Rule 9(b) is essentially the same. In order to meet the Rule 9(b) standard in the Fifth Circuit, a plaintiff must "'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)); *see also Howard v. Estate of Harper*, 947 So. 2d 854 (Miss. 2006) ("The circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated.").

The plaintiffs' fraud-based claims appear in Paragraphs 71 through 75 of their Complaint as Count XIII – "Fraudulent Concealment/Misrepresentation/Alteration of Medical Studies/Conspiracy/Aid and

Abet Conspiracy." (Compl. 30-34, ECF No. 1-2.) The allegations generally provide that "the Defendants" and two undefined subsets of Defendants or non-parties called "the conspirators" engaged in a fraudulent conspiracy to withhold information concerning the alleged hazards of asbestos. The only entities specifically mentioned as having participated in this alleged conspiracy are non-parties, identified as the Cosmetic Toiletry and Fragrance Association (now Personal Care Products Council), Quebec Asbestos Mining Association, the Asbestos Textile Institute, and the Industrial Hygiene Foundation. There is no indication that Ford was a member of or had contact with any of these entities. The plaintiffs generally allege acts that these "conspirators" committed, but there is no reference to specific dates or times (other than "for many decades"), parties, meeting places (other than "a series of industry trade meetings"), or content of any allegedly fraudulent communications. Similarly, there is no allegation Ford was a participant in this conspiracy, or of Ford's relationship with the conspirators. There are no allegations that Ford engaged in fraudulent concealment or misrepresentation by withholding any information, what that information was, or during what time period. Instead, Plaintiffs generally allege that "the Defendants" and some unidentified group of non-parties conspired with each other to suppress information. These allegations do not meet the specificity requirements of Fed. R. Civ. P. 9. The plaintiffs' claims for fraud – Fraudulent Concealment, Misrepresentation, Alteration of Medical Studies – alleged in Count XIII will be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### 4. Aiding and Abetting

Ford argues that the fraud-based aiding and abetting claim asserted in Count XIII should be dismissed because there is no "aiding and abetting" claim in Mississippi. Federal courts in this district have concluded that Mississippi courts would recognize a claim of aiding and abetting fraud or civil conspiracy under the Restatement (Second) of Torts § 876(b). *See Dale v. ALA Acquisitions, Inc.*, 203 F. Supp. 2d 694, 700-01 (S.D. Miss. 2002) (aiding and abetting fraud); *Fikes v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 815, 822 (N.D. Miss. 2011) (aiding and abetting civil conspiracy). Assuming that Mississippi would recognize the plaintiffs' aiding and abetting civil conspiracy claim under § 876(b) of the Restatement of Torts, then the plaintiffs must show knowledge of the conduct constituting the civil conspiracy and substantial assistance or encouragement to the conspiring party in furtherance of the conspiracy.[1] In the case of Ford, the plaintiffs allege that Ford knew or should have known about the dangers of asbestos-containing parts, and it designed its braking system to use only asbestos lined brake pads. However, this allegation only establishes that Ford's action was consistent with an alleged conspiracy to use asbestos despite the health dangers; the allegation falls short of stating that Ford knew about conduct constituting a conspiracy regarding asbestos, or that it took

---

[1] The provision reads: "For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself." Restatement (Second) of Torts § 876(b).

action to encourage the others to carry out the conspiracy. The Court therefore concludes that the plaintiffs' claim for aiding and abetting a civil conspiracy should be dismissed without prejudice for failure to state a claim pursuant to Rule 12(b)(6).

CONCLUSION

After reviewing the allegations of the Complaint, the Court finds that they are insufficient to state the claims against Ford Motor Company that Ford has challenged under Rule 12(b)(6). Although the Court will grant Ford's Motion to Dismiss, the plaintiffs should be given an opportunity to replead those claims against Ford that were dismissed without prejudice. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Therefore, the plaintiffs will be granted an opportunity to seek leave to file an amended complaint, should they wish to do so.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [89] Motion to Dismiss Certain Causes of Action in Plaintiffs' Complaint filed by the defendant Ford Motor Company is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the plaintiff may file a motion for leave to file an amended complaint within fourteen (14) days of the date of this Order, attaching the proposed amended complaint as an exhibit.

**SO ORDERED AND ADJUDGED** this the 1st day of November, 2018.

<u>s/ *Louis Guirola, Jr.*</u>
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE