# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM DICKENS AND<br>KARLA DICKENS | PLAINTIFFS |
| v. | CAUSE NO. 1:18CV162-LG-RHW |
| A-1 AUTO PARTS & REPAIR INC.,<br>ET AL. | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS OF DEFENDANT A-1 AUTO PARTS & REPAIR, INC.

BEFORE THE COURT is the [184] Motion to Dismiss filed by Defendant A-1 Auto Parts & Repair Inc. pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have not filed a response. After due consideration of the Motion and the relevant law, it is the Court's opinion that A-1 has established its affirmative "innocent seller" defense. A-1's Motion will therefore be granted. Plaintiffs' claims against A-1 will be dismissed without prejudice, and Plaintiffs will be granted an opportunity to amend their claims should they wish to do so.

## Discussion

In this products liability case, Plaintiffs allege that William Dickens developed mesothelioma as a result of his exposure to asbestos from products he used in his work as a mechanic, and his and his family's use of talcum powder products. Plaintiffs allege state law claims of negligence in designing, testing, manufacturing, marketing, and selling the products, strict liability, negligence per

se, breach of warranties, and conspiracy to conceal the dangers in the use and exposure to the products.

Defendant A-1 argues that Plaintiffs' claims against it should be dismissed pursuant to Rule 12(b)(6) because Plaintiffs' allegations show A-1 is an "innocent seller" under the Mississippi Product Liabilities Act, Miss. Code Ann. § 11-1-63.

The MPLA, as amended in 2014, provides the exclusive remedy against a product manufacturer or seller "in any action for damages caused by a product including, but not limited to, any action based on a theory of strict liability in tort, negligence or breach of implied warranty, except for commercial damage to the product itself." Miss. Code Ann. § 11-1-63(a). Additionally, the provision applies to any claim that is derivative of a product liability claim, such as the conspiracy to conceal a product's danger alleged by Plaintiffs in this case. *See Stubblefield v. Suzuki Motor Corp.*, No. 3:15-CV-18-HTW-LRA, 2018 WL 4764175, at *9 (S.D. Miss. Sept. 30, 2018) (derivative claims must be analyzed under the MPLA); *see also Smith v. Gen. Motors, LLC*, No. 3:17CV471TSL-RHW, 2017 WL 582330, at *1 (S.D. Miss. Oct. 13, 2017) (MPLA governs claims based on a theory that the defendant concealed product defects in violation of its duty to warn). Therefore, all of Plaintiffs' claims against A-1 are governed by the MPLA.

The "innocent seller" provision of the MPLA states that a seller "shall not be liable" for a claim brought pursuant to section 11-1-63(a) unless

> the seller or designer exercised substantial control over that aspect of
> the design, testing, manufacture, packaging or labeling of the product

> that caused the harm for which recovery of damages is sought; or the seller or designer altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller or designer had actual or constructive knowledge of the defective condition of the product at the time he supplied the product. **It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product**.

Miss. Code Ann. § 11-1-63(h) (emphasis added).

The innocent seller exemption is an affirmative defense under Mississippi law. *Thomas v. FireRock Prods., LLC*, 40 F. Supp. 3d 783, 791-92 (N.D. Miss. 2014). "In order for a 12(b)(6) dismissal to be appropriate on the basis of an affirmative defense, the defense must be established on the face of the complaint." *Id.* (quoting *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 959 (E.D. Tex. 2011)).

Plaintiffs make few specific allegations against A-1. They allege that William was "exposed to asbestos-containing friction products supplied by A-1 Auto Parts, Inc." and that A-1 (along with other suppliers) was "negligent for failing to warn the users of potential health hazards from the use of" the asbestos-containing products they sold. (Compl. 7, 20, ECF No. 4-1.) Plaintiffs also consistently allege that the products were in the same condition when William used them as when they were originally manufactured. (*See, e.g., id.* at 5 (¶11), 21 (¶36-37).) These allegations make it implausible that A-1 exercised control over the manufacture of the products, or that A-1 altered the products after manufacture. Further, a "general allegation that [the defendant] failed to warn of the dangers it knew about cannot be equated with a factual allegation that [the defendant] had actual or constructive

knowledge of the dangers that caused [the] injury." *Thompson ex rel. Thompson v. Apple, Inc.*, No. 3:17CV237-DPJ-FKB, 2017 WL 2271729, at *2 (S.D. Miss. May 24, 2017). Because Plaintiffs make only a general allegation that A-1 failed to warn of potential health hazards that could result from the use of the products it sold to William, Plaintiffs have not pled a plausible claim against A-1 that overcomes A-1's affirmative "innocent seller" defense. For this reason, the Motion to Dismiss will be granted and Plaintiffs' claims against A-1 dismissed without prejudice.

Even though Plaintiffs have not opposed the dismissal requested by A-1, they may wish to amend their claims so as to avoid final dismissal. They should be given the opportunity to do so. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [184] Motion to Dismiss filed by Defendant A-1 Auto Parts & Repair, Inc. is **GRANTED**. Plaintiffs' claims against A-1 Auto Parts & Repair, Inc. are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiffs are granted fourteen (14) days from the date of this Order to file a motion for leave to file an amended complaint, attaching the proposed amended complaint as an exhibit.

**SO ORDERED AND ADJUDGED** this the 11th day of February, 2019.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE