# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM DICKENS and KARLA DICKENS** | **PLAINTIFFS** |
| v. | **CAUSE NO. 1:18CV162-LG-RHW** |
| **A-1 AUTO PARTS & REPAIR, ET AL.** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER
## GRANTING SUMMARY JUDGMENT IN FAVOR OF
## DEFENDANT EDELBROCK CORPORATION

BEFORE THE COURT is the [279] Motion for Summary Judgment filed by Defendant Edelbrock, LLC.[1] There has been no response. After due consideration, the Court finds no question of material fact for the jury. The Motion will be granted and Plaintiffs' claims against Edelbrock Corporation dismissed with prejudice.

## BACKGROUND

In this products liability case, Plaintiffs allege that William Dickens developed mesothelioma as a result of exposure to asbestos from use of certain products in his work and personal life. Plaintiffs allege that Edelbrock "is being sued for asbestos-containing Edelbrock Carburetor Kits" that exposed William Dickens to asbestos while "performing maintenance and repairs to his personal vehicles and the vehicles of family and friends in Pascagoula, Mississippi." (Am. Compl. 4, 9, ECF No. 251.) Edelbrock moves for summary judgment arguing that

---

[1] Edelbrock, LLC alleges it has been erroneously sued as Edelbrock Corporation.

William Dickens' deposition testimony shows that he cannot establish a products liability claim against it.

## DISCUSSION

**1. The Legal Standard**

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Despite having requested and received an extension of time to respond to Edelbrock's motion, Plaintiffs have not responded with any argument or evidence in opposition. Nevertheless, Edelbrock has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

**2. Mississippi Products Liability**

In Mississippi products liability actions, "it is incumbent upon the plaintiff . . . to show that the defendant's product was the cause of the plaintiff's injuries." *Gardley-Starks v. Pfizer, Inc.*, 917 F. Supp. 2d 597, 602 (N.D. Miss. 2013) (quoting *Moore ex rel. Moore v. Miss. Valley Gas Co.*, 863 So. 2d 43, 46 (Miss. 2003)).

Regarding causation, the Mississippi Supreme Court expressly adopted the *Lohrmann*[2] test, requiring the plaintiff to show: (1) exposure to a particular product; (2) on a regular basis; (3) over an extended period of time; and (4) in proximity to where the plaintiff actually worked. *Gorman-Rupp Co. v. Hall*, 908 So. 2d 749, 757 (Miss. 2005).

**3. Analysis**

Edelbrock argues that Dickens' deposition testimony fails to show he was exposed to any asbestos from the only Edelbrock product he ever used: an Edelbrock intake manifold Dickens purchased new and installed in a car he owned from 1975 to 1979. (Dickens Dep. 163, 381-82, ECF No. 279-1.) Although he took it off and reinstalled it about eight times while performing work on the car's engine, he never altered the Edelbrock intake manifold. (*Id.* at 383-84.) Dickens worked on the car outdoors, in an area with no walls but partially covered by a roof. (*Id.* at 165.) Edelbrock points out that Dickens did not testify to tampering with Edelbrock's manifold so it would release friable asbestos, or breathing dust while performing work on the engine.

Edelbrock argues that Dickens' testimony does not establish that his handling of the intact intake manifold could have exposed him to asbestos, much less that it ultimately gave rise to asbestos exposure. But even assuming Dickens was exposed to asbestos from the intake manifold, Edelbrock argues that his

---

[2] *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156 (4th Cir. 1986).

exposure was not of sufficient duration, frequency, or proximity to satisfy the causation requirements of Mississippi law.

The *Lohrmann* test is "a de minimis rule in that a plaintiff is required to prove more than a casual or minimal contact with the product," *Smith v. Union Carbide Corp.*, 130 So. 3d 66, 69 (Miss. 2013), which should be applied "in the context of summary judgment for asbestos cases." *Gorman-Rupp Co.*, 908 So. 2d at 754-55.  Failure to produce evidence of exposure at hazardous levels leaves a plaintiff "'unable to carry their burden on the issue of causation.'" *Id*. at 757 (quoting *Chavers v. Gen. Motors Corp.*, 79 S.W. 3d 361, 369 (Ark. 2002)).  In *Lohrmann*, the court found that exposure to an asbestos containing product ten to fifteen times during the course of employment was not sufficient to raise a permissible inference of causation.  782 F.2d at 1163.  The facts established by the summary judgment evidence in this case show that Dickens' contact with Edelbrock's intake manifold – eight times in four years – was casual or minimal, and do not show a possibility that Dickens was exposed to asbestos at a hazardous level.  Since plaintiffs have not alleged facts to support an inference of causation, Edelbrock is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [279] Motion for Summary Judgment filed by Defendant Edelbrock, LLC, incorrectly sued as Edelbrock Corporation, is **GRANTED**.  Plaintiffs' claims against Edelbrock Corporation are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 15th day of October, 2019.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE